Clerk's copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD BALLUFF,

    Plaintiff,

v.                                                                           No. CIV-99-0153 MV/JHG

ROBERT J. PERRY,
Secretary of Correction,
State of New Mexico,
In his official capacities
and individually;

JOHN SHANKS,
Director of Adult Prisons,
State of New Mexico,
In his official capacities
and individually;

DR. LOUIS TRIPOLI,
Chief Medical Officer,
Correctional Medical Services, Inc.
In his official capacities
and individually;

COUNTY OF CIBOLA,

COUNTY OF CIBOLA
BOARD OF COUNTY COMMISSIONERS,

JOSEPH SPRUNK,
Warden,
Cibola County Corrections Center,
In his official capacities
and individually;

JEFF SERNA,
Director of Classification,
Department of Corrections,
State of New Mexico,
In his official capacities
and individually;
et al;

    Defendants.





FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 8 1999

CLERK

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court *sua sponte* to consider the notice of removal (Doc. #1) filed February 16, 1999, by Defendant Board of County Commissioners for the County of Cibola ("Board"). At issue is the requirement of unanimity in the removal notice in federal-question actions involving multiple defendants. For the reasons below, this removed proceeding will be remanded.

Plaintiff's original complaint was filed January 11, 1999, in the New Mexico Thirteenth Judicial District Court against eight Defendants and was served on the Board January 27, 1999. The complaint comprises sixteen counts and is brought under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the New Mexico Tort Claims Act. Plaintiff seeks damages and injunctive relief. The removal notice is based on this Court's original jurisdiction of Plaintiff's claims under federal law. 28 U.S.C. §§ 1331 and 1441(b). The Board states that it believes no other Defendant had been served at the time of removal, and, as a result, consent of the other Defendants "could not be acquired." The Board further argues that Defendants who have not been served need not join in the notice of removal. On March 1, 1999--thirty-three days after the Board was served--a Consent to Removal (Doc. #9) was filed by Defendant Sprunk; the record indicates no filings by the other six named Defendants.

As stated by the United States Court of Appeals for the Tenth Circuit, "The failure of all defendants to join in a removal petition renders the petition procedurally defective, and § 1447(c) requires that the district court remand the case." *FDIC v. OKC Partners, Ltd.*, 961 F.2d 219 (Table, text in Westlaw), 1992 WL 73005, at **4 (10th Cir. 1992) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("co-defendant...did not join in the petition for removal and the petition was thus procedurally defective."); *Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982). The notice affirmatively states that no Defendant other than the Board has joined in or consented to removal,[1] asserting that the others need not join if they have not been served. The notice "is considered

---

1. Even assuming Defendant Sprunk effectively joined the notice of removal by his untimely consent, *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992); 28 U.S.C. § 1446(b), the other six Defendants still have not spoken.

2

defective if it fails to contain an explanation for the absence of co-defendants," *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) (quoting *Northern Ill. Gas Co. v. Airco Indus. Gases, A Division Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)), and the Board's explanation is legally inadequate. *Cf. Moosbrugger v. McGraw-Edison Co.*, 215 F. Supp. 486, 488 (D. Minn. 1963) (rejecting as unpersuasive claim that co-defendant's consent was difficult to obtain).

Furthermore, the Board's attempted removal does not fit within the exceptions to the unanimity requirement. "There are exceptions to the rule requiring that all defendants join in the removal petition. One exception arises when a non-resident defendant has not been served at the time the removing defendants file their petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *Scheall v. Ingram*, 930 F. Supp. at 1449 n.1 (diversity cases). This limited exception to the unanimity rule, which derives from requirements peculiar to diversity cases, has been applied by some courts in federal-question cases. *See, e.g., Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Even in the Ninth Circuit, however, where the "unserved defendant" exception to unanimity has been applied in federal-question cases, a defendant who has actual notice of the action must join in the removal notice. *Schwartz v. FHP Int'l Corp.*, 947 F. Supp. 1354, 1363-64 (D. Ariz. 1996). Here, the Board's removal notice merely asserts that not all Defendants have been served with original state process.

In the absence of a factual allegation that the other Defendants had no notice of this action, and without any explanation or argument by Defendant Board, the Court will not presume the consent of the other Defendants to removal. *See Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996) (express consent required); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (all doubts resolved in favor of remand and " 'one defendant's attempt to speak on behalf of another defendant will not suffice' ") (quoting *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995)); *and see Todd v. DSN Dealer Service Network, Inc.*, 861 F. Supp. 1531, 1535 (D. Kan. 1994) (attorney may only give consent of party represented). The Board has made no showing that the other Defendants should be

excused from joining in removal of this case. The removal notice is procedurally defective, § 1447(c), and this action will be remanded to the state court.

IT IS THEREFORE ORDERED that this action is REMANDED to the New Mexico Thirteenth Judicial District Court, Cibola County.

                                                                                       _____
                                                                                        UNITED STATES DISTRICT JUDGE